

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOE ARTHUR SLADE,          )
                           )
    Petitioner,            )
                           )
v.                         )    Civil Action No. 3:15CV369-HEH
                           )
HAROLD W. CLARKE,          )
                           )
    Respondent.            )

**MEMORANDUM OPINION**
**(Granting Respondent's Motion to Dismiss)**

Joe Arthur Slade, a Virginia inmate proceeding with counsel, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of the City of Hampton, Virginia ("Circuit Court").[1] Mr. Slade contends that he is entitled to relief on the following grounds:

Claim A    Counsel violated the Petitioner's absolute right to testify at trial in his own defense. Counsel waived the Petitioner's right to testify without the Petitioner's consent and against Petitioner's stated desire to testify during the guilt/innocence phase of the trial. Even if the Petitioner reluctantly "agreed" to rest the case without testifying, any such agreement was based on counsel's erroneous advice and instruction that Petitioner could not testify or somehow previously had waived his right to testify.

(§ 2254 Pet. 18.)

Claim B    Counsel failed to present favorable and available sentencing evidence to the jury as to mitigation of the offense and favorable details as to the Petitioner's life history, character, and service to this country, and the Petitioner was prejudiced as a result.

---

[1] Following a jury trial, Mr. Slade was convicted in the Circuit Court of aggravated sexual battery, conspiracy to commit sodomy, and forcible sodomy.

(*Id.* at 28.)

Respondent has moved to dismiss on the ground that Slade's claims lack merit. For the reasons that follow, the Motion to Dismiss will be granted.

## I. PROCEDURAL HISTORY

The Court of Appeals of Virginia aptly summarized the evidence of Slade's guilt as follows:

> In this case, the victim's mother testified that appellant told her to get the victim and bring her back to the hotel and that she and appellant left their hotel room, took the ten-year-old victim from her home, and then returned with the girl to their hotel room. Then, at appellant's request, the mother demonstrated fellatio on appellant in order to show the victim how the act was done. The victim's mother testified that she then went into the bathroom, and when she came out, the victim was engaged in fellatio on appellant. The mother also saw the victim commit fellatio on appellant a second time. The victim's mother explained that she left the hotel room several times that evening, at one point returning to find that her daughter was naked in the bed. The next day, the victim and her mother parted company with appellant, went to the victim's home, and told her grandmother about these events.
> The victim herself testified that appellant told her to undress and to commit sodomy on him, which she then did. She testified that this incident occurred after her mother left the hotel room. When her mother returned and saw that the victim was naked, her mother became very upset. The victim did not testify that she committed fellatio on appellant in her mother's presence, although she did testify that she saw her mother commit fellatio on appellant.

*Slade v. Commonwealth*, No. 1500-10-1, at 2 (Va. Ct. App. Feb. 24, 2011). Following his convictions, the Circuit Court sentenced Mr. Slade to an active term of imprisonment of thirty (30) years.

After the conclusion of his direct appeal, Mr. Slade, with the assistance of counsel, filed a petition for a writ of habeas corpus with the Circuit Court wherein he raised the

same two grounds for habeas relief that he raises in his § 2254 Petition. Following an evidentiary hearing, the Circuit Court denied the petition. *See Slade v. Clarke*, No. CL 12002046-00, at 4 (Va. Cir. Ct. May 23, 2014). Mr. Slade appealed. The Supreme Court of Virginia refused the petition for appeal. *Slade v. Clarke*, No. 141279, at 1 (Va. Mar. 24, 2015).

## II. THE APPLICABLE CONSTRAINTS UPON HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court emphasizes that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v.*

3

*Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

#### A. Counsel Prevented Slade from Testifying–Claim A

In Claim A, Mr. Slade contends that "[c]ounsel waived the Petitioner's right to testify without the Petitioner's consent and against Petitioner's stated desire to testify during the guilt/innocence phase of the trial." (§ 2254 Pet. 18.) Mr. Slade persists that, "[e]ven if [he] reluctantly 'agreed' to rest the case without testifying, any such agreement

4

was based on counsel's erroneous advice and instruction that [Slade] could not testify or somehow previously had waived his right to testify." (*Id.*)

Following an evidentiary hearing, at which the Circuit Court heard from Mr. Slade and trial counsel, Timothy G. Clancy, the Circuit Court flatly rejected this claim. During the evidentiary hearing, Mr. Slade testified that he went to trial expecting to testify in his own defense. (Mar. 28, 2014 Tr. 24.) Mr. Slade further testified that he got into an argument with counsel when counsel refused to call as a witness a taxi driver that Mr. Slade asserted had driven the victim and her mother to his hotel. (Mar. 28, 2014 Tr. 29.) Thereafter, according to Mr. Slade, Mr. Clancy stated, "'Well, you're not getting on the stand. . . . You agreed not to testify and your testimony would only confuse everything, so you're not testifying.'" (Mar. 28, 2014 Tr. 29–30.)

At the evidentiary hearing with respect to the guilt phase, Mr. Clancy, testified that he told Mr. Slade that Mr. Slade "certainly had a right to testify, he had a right not to testify . . . but that if he testified, he would be subject to cross-examination and there were a number of pitfalls . . . ." (Mar. 28, 2014 Tr. 94.) Mr. Clancy testified that "Mr. Slade was always told he had a right to testify. It's his right, not my right, but my advice to him was not to testify for a myriad of reasons after the Commonwealth presented its case." (Mar. 28, 2014 Tr. 97.)

One of the reasons that counsel did not believe Mr. Slade should testify involved some damaging admissions Mr. Slade made to Detective Curtis Crouch in a pretrial interview. At trial, Mr. Slade represented that he had no sexual contact with the victim. However, during the course of the pretrial interview, Mr. Slade suggested that he was

asleep when he woke up to find the victim fondling him and performing oral sex on him. (Interview of Slade Tr. 25, 32–33, 39, 45.) During the course of the interview, Mr. Slade also admitted to allowing the mother to instruct her daughter on how to perform oral sex upon him and that the daughter watched while her mother performed oral sex upon Mr. Slade. (Interview of Slade Tr. 71–74.) Counsel advised Mr. Slade not to testify because the prosecution had not admitted Mr. Slade's damaging admissions from that interview. (Mar. 28, 2014 Tr. 98). Counsel was fearful that if Mr. Slade testified, Mr. Slade's admission from the interview would be introduced by the prosecution in rebuttal. (March 28, 2014 Tr. 98.) Mr. Clancy further denied that he ever suggested to Mr. Slade that because the interview between Mr. Slade and Detective Crouch had been transcribed, Mr. Slade waived his right to testify.[2] (Mar. 28, 2014 Tr. 99.)

Mr. Clancy also advised Mr. Slade against testifying because the prosecutor had letters Mr. Slade had written to another individual in an attempt to suborn perjury. (Mar. 28, 2014 Tr. 99.) According to Mr. Clancy, Mr. Slade agreed with the recommendation to not testify at the guilt phase. (Mar. 28, 2014 Tr. 105–06.)

In contrast, Mr. Clancy testified that, at the sentencing phase, he strongly recommended that Mr. Slade testify. (Mar. 28, 2014 Tr. 106.) Mr. Slade, however, was upset at the jury for finding him guilty and refused to testify. (Mar. 28, 2014 Tr. 106–07.) Mr. Clancy further testified that he had a heated argument during the trial when he

---

[2] After trial, Mr. Slade made a motion for a new trial. During the hearing on that motion, Mr. Slade testified that Mr. Clancy told him during the trial that "you gave up your right to testify when you decided to let the Court transcribe your interview, your police interview." (June 14, 2010 Tr. 5.)

6

refused to call a witness when that witness had told counsel that Mr. Slade had requested that the witness lie on the stand. (Mar. 28, 2014 Tr. 113.)

The Circuit Court credited the testimony of Mr. Clancy over the testimony of Mr. Slade. The Circuit Court found that "Mr. Slade was properly counseled as to his right to testify or not." (Mar. 28, 2014 Tr. 160.) The Circuit Court further found that Mr. Slade "made his own decision to not testify at . . . the trial in chief as well as the sentencing." (Mar. 28, 2014 Tr. 160.) Given the record before it, the Circuit Court's rejection of Claim A was eminently reasonable. *See* 28 U.S.C. § 2254(d)(1)–(2). Accordingly, Claim A will be dismissed.

### B. Counsel Failed to Present Mitigating Evidence at Sentencing–Claim B

In Claim B, Mr. Slade faults counsel for failing, at sentencing, to present favorable mitigating evidence of Mr. Slade's character and service to the country. The evidence at the evidentiary hearing revealed that counsel intended to call Mr. Slade at sentencing to provide all the mitigating evidence Mr. Slade now faults counsel for omitting.[3] Prior to trial, counsel and Mr. Slade had prepared the relevant points for Mr. Slade to address. (Mar. 28, 2014 Tr. 106–07.) The mitigating evidence was not presented at sentencing because Mr. Slade, in a fit of pique, refused to testify. Given these circumstances, the Circuit Court reasonably rejected Claim B because Mr. Slade failed to demonstrate that counsel performed deficiently.[4] Accordingly, Claim B will be dismissed.

---

[3] Mr. Slade faults counsel for failing to provide evidence of Mr. Slade's military service, education, employment, and community service. (§ 2254 Pet. 31–32.)

[4] Moreover, given the reprehensible nature of Mr. Slade's crimes and his failure to demonstrate remorse or take any responsibility for his actions, he fails to demonstrate a

## IV. CONCLUSION

The Motion to Dismiss (ECF No. 6) will be granted. The § 2254 Petition will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Mr. Slade fails to meet this standard. Accordingly, the Court will deny a certificate of appealability.

An appropriate order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Jan. 19, 2016
Richmond, VA

---

reasonable probability of a lesser sentence had the jury been presented with his mitigation evidence. Indeed, the trial judge heard much of Mr. Slade's mitigation evidence and imposed the same sentence recommended by the jury.

8